UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE: CAROL FATHEREE, | Case No. 15-44161-rfn7 |
| Debtor. | Chapter 7 |
| WORLD'S FOREMOST BANK, | **COMPLAINT SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C.** |
| Plaintiff, | **S523 (a) (2) (A)  AND/OR** |
| V. | **S523 (a) (2) (C)** |
| CAROL FATHEREE, | A.P. No. 16-ap-_____. |
| Defendant. | Hon. JUDGE NELMS |

The Plaintiff, World's Foremost Bank, by and through its attorney, and for its Complaint against the Debtor, avers and alleges as follows:

### I. Parties and Jurisdiction

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and §157
2. This matter is a core proceeding pursuant to 28 U.S.C. §157.
3. The Debtor filed a Petition, and an Order for Relief was entered under 11 U.S.C Chapter 7 on OCTOBER 14, 2015.
4. The Plaintiff is a named creditor in the above referenced bankruptcy proceeding and is the issuer and processor of a "Cabela's Club Visa" credit card.

### II. Facts and Background

5. At all times mentioned herein, the Debtor, CAROL FATHEREE, had possession of a World's Foremost Bank "Cabela's" VISA credit account, number xxxx-xxxx-xxxx-9134, which account was opened in OCTOBER OF 2012.

6. On MARCH 18, 2015, the account was in good standing and the balance of the abovementioned account was $1,881.09.
7. Between MARCH 19, 2015 and JULY 23, 2015, in just over four months, the Debtor made purchases on this account totaling $6,879.40, maxing out the Debtor's credit limit. See copies of account statements, attached hereto and incorporated herein, marked Exhibit A.
8. The Debtor's charges set forth in Exhibit A, included but were not limited to: a charge to BONNIE & CLYDES in the amount of $194.75; and a charge to WAL-MART #0421 in the amount of $145.99. See copies of account statements, attached hereto and incorporated herein, marked Exhibit A.
9. On OCTOBER 13, 2015, 82 days after the Debtor made the last of the $6,879.40 in charges on this account, the Debtor obtained the pre-bankruptcy counseling in furtherance of Sections 109(h) and 111 of the Bankruptcy Code, required to file a petition in bankruptcy.
10. Although required by the sworn Statement of Financial Affairs the Debtor did not disclose when the Debtor paid her attorney towards her bankruptcy filing fee and/or bankruptcy legal fees. See Debtor's sworn Statement of Financial Affairs, response to Question No. 9.
11. Pursuant to the Debtor's sworn Statement of Financial Affairs, for the two years prior to the Debtor's bankruptcy filing, the Debtor did not receive income from any source other than from employment.
12. On OCTOBER 14, 2015 within 83 days of the Debtor making the last of the abovementioned $6,879.40 in charges on this account, the Debtor's Chapter 7 bankruptcy was filed with the Court.
13. Pursuant to the Debtor's sworn Schedule I, the Debtor has been SELF-EMPLOYED for 10 years prior to her bankruptcy, and at the time of the bankruptcy filing, she was SELF-EMPLOYED as a NURSE.
14. Pursuant to the Debtor's sworn Schedule I, the Debtor's net monthly income was approximately $4,911.02.
15. Pursuant to the Debtor's sworn Schedule J, the Debtor's average monthly living expenses were approximately $5,074.00.
16. Pursuant to the Debtor's sworn Schedule J, there are no expected increases in expense.

17. The minimum monthly payments on the Debtor's $406,702.00 of unsecured debt (based upon minimum monthly payments estimated at between 2% and 3% of the outstanding principal balances on her total unsecured debt) were between $8,134.00 and $12,201.00 each month.
18. Given the Debtor's monthly income, monthly living expenses, and circumstances as set forth in her sworn Schedules and sworn Statement of Financial Affairs, at the time the Defendant incurred the abovementioned $6,879.40 in charges on this account, the Debtor's monthly disposable income was not sufficient to pay her claimed monthly expenses and therefore was unable to make even the minimum monthly payments on her unsecured debt.
19. When the Debtor accepted and opened this credit account with the Plaintiff, she agreed to abide by the terms set forth in the account agreement.
20. The Debtor's use of this account was governed by the terms of the account agreement.
21. At the time the Debtor incurred the abovementioned $6,879.40 in charges on this account, the Debtor represented that she had the intention to repay said debt to the Plaintiff pursuant to the terms of the account agreement.
22. At the time the Debtor incurred the abovementioned $6,879.40 in charges on this account, the Debtor represented that she agreed to abide by the terms of the account agreement.
23. The dates when and the places where the Debtor made the abovementioned representations, are listed in the account statements marked Exhibit A, and attached hereto.

### III. First Cause of Action

24. Paragraphs 1 through 23 are hereby repeated and incorporated as if fully set forth herein.
25. The Plaintiff relied upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement in allowing the Debtor to use this account and incur the charges between MARCH 19, 2015 and JULY 23, 2015, as set forth in Exhibit A, attached hereto.
26. The Debtor's spending habits and patterns changed significantly during the relevant time period.

27. The Debtor did not advise the Plaintiff that she would be unable to honor the above representations or that she would be unable to abide by the terms of the account agreement at the time that she made the representations and made the charges set forth in Exhibit A, attached hereto.
28. The Plaintiff was justified in its reliance upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement.
29. The Debtor incurred the abovementioned $6,879.40 in charges on the Plaintiff's account at a time when the Debtor was unable to meet her existing financial obligations as they became due.
30. Based upon all the above, at the time the Debtor incurred the abovementioned $6,879.40 in charges, the Debtor intended to deceive the Plaintiff in that she either had no intention to repay said debt to the Plaintiff pursuant to the terms of the account agreement or the Debtor knew or should have known that she had no ability to repay said debt to the Plaintiff pursuant to the terms of the account agreement.
31. Based upon all of the above, at the time the Debtor incurred the abovementioned $6,879.40 in charges, the Debtor deceived the Plaintiff in that she made such representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement with knowledge that the debtor was unable to repay Plaintiff or to abide by the terms of the account agreement with a reckless disregard as to the truthfulness of said representations.
32. Therefore, the Debtor obtained said money from the Plaintiff by false pretenses, false representation, or actual fraud, and at the time of filing, the debt owed to the plaintiff was in the amount of $6,879.40, and for the above reasons, this indebtedness to Plaintiff, World's Foremost Bank, is nondischargeable in bankruptcy pursuant to 11 U.S.C. §523 (a) (2) (A) and/or §523 (a) (2) (C).

### IV. Prayer for Relief

**WHEREFORE**, Plaintiff, World's Foremost Bank, respectfully prays that this Court:

A.  Determine that the Debtor's indebtedness to the Plaintiff is an exception to discharge pursuant to 11 U.S.C. §523 (a) (2) (A) and/or §523 (a) (2) (C).

B.  Grant judgment to the Plaintiff, World's Foremost Bank, against the Debtor, CAROL FATHEREE, in the amount of $6,879.40, plus the $350.00 Adversary Proceeding filing fee, for a total of $7,229.40, plus interest from the date of the bankruptcy filing, plus the Plaintiff's other costs and disbursements incurred for the collection of this debt and of this action as permitted by applicable law, and

C.  Grant the Plaintiff such other and further relief as to this Court seems just and proper.

Dated:    February 5, 2016

                                 Respectfully Submitted

BALEKIAN HAYES, PLLC

_____
KRIS BALEKIAN HAYES
State Bar No. 24031719
Kris@bh-pllc.com
4144 N. Central Expressway, Suite 1200
Dallas, Texas 75204
Telephone: (214) 828-2800
Facsimile: (214) 827-9671
**ATTORNEYS FOR MOVANT**
**WORLD'S FOREMOST BANK**